UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL IZMAYLOV,<br><br>        Plaintiff,<br><br>   v.<br><br>SAVE MART SUPERMARKETS, INC., a California corporation, and KENNETH BACA, an Individual and DOES 1 through 50,<br><br>        Defendants. | CIV. NO. 2:15-00323 WBS KJN<br><br><u>MEMORANDUM AND ORDER OF REMAND</u> |

----oo0oo----

Plaintiff Daniel Izmaylov brought this action in state court against his employer, Save Mart, and his supervisor, Kenneth Baca, alleging employment discrimination. Defendants removed to this court following plaintiff's response in a request for admissions that suggested he was pursuing a claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, <u>et seq.</u> Presently before the court is plaintiff's motion to remand.

    I.   <u>Factual and Procedural Background</u>

1

1           Plaintiff worked at Save Mart as a clerk at the grocery
2 chain's distribution center. (First Am. Compl. ("FAC") ¶ 12
3 (Docket No. 9-2).)  During his employment, plaintiff took leave
4 intermittently for a knee injury and following the birth of his
5 son. (Id. ¶¶ 14-15.)  Plaintiff alleges he was subjected to
6 retaliation and harassment due to this leave. (Id. ¶¶ 16, 29-
7 30.)
8           Plaintiff initially filed this action on January 14,
9 2014, in California Superior Court in the County of Stanislaus.
10 (See Notice of Removal ¶ 1 (Docket No. 1).)  The case was
11 subsequently transferred to Placer County.  (See id. ¶¶ 2, 8.)
12 On April 3, 2014, plaintiff filed his FAC in state court,
13 asserting six claims under state law for unlawful discrimination,
14 Cal. Gov't Code §§ 12900, et seq.; wrongful termination, id.;
15 harassment, id.; failure to accommodate his disability, id.
16 § 12940; retaliation, id.; and failure to take reasonable steps
17 to prevent discrimination, id. § 12940(k).  (See FAC ¶¶ 19-57.)
18           On December 5, 2014, defendants served plaintiff with a
19 "Request for Admissions, Set One" and a "Form Interrogatory No.
20 17.1." (See Rafoth Decl. ¶ 5, Exs. 3-4 (Docket No. 10-1).)
21 Plaintiff's response to the request for admissions on January 15,
22 2015, read:

> **Request**: Plaintiff is not pursuing a claim under the Family Medical Leave Act of 1993, 29 U.S.C. section 2601 et seq. in this lawsuit.
>
> **Response**: Plaintiff objects to this request on the grounds that it seeks counsel's legal reasoning, theory, or statutory basis supporting a factual contention.  Plaintiff further objects on the ground the request seeks counsel's work product through counsel's thought processes.  Further, Plaintiff does

2

> not waive his right to amend his complaint prior to or during trial under Code of Civil Procedure sections 473(a)(1) and 576. Subject to, and without waiving, said objections, Plaintiff responds as follows: Denied.

(Notice of Removal ¶ 35; Rafoth Decl. Ex. 3 (citations omitted).) In the separate interrogatory, defendants asked plaintiff to state all facts upon which plaintiff based his response to the request for admission. (See Rafoth Decl. Ex. 4.) Plaintiff stated, "Plaintiff does not have sufficient information to provide a response at this time." (Id.)

On February 9, 2015, defendants removed to this court on the basis that plaintiff was pursuing a federal claim that conferred federal question jurisdiction. (Id. ¶ 6; Notice of Removal ¶ 37 ("Plaintiff's response to Defendant Save Mart Supermarket's request for admission was the first concrete paper filed or served in this case that established that Plaintiff was pursuing a federal claim, thereby bestowing upon this Court federal question jurisdiction over the case.").) One day later, plaintiff's counsel emailed defendants' counsel to state that plaintiff "has no intent to plead a FMLA, 29 U.S.C. section 2601 et seq., in this FEHA discrimination lawsuit" and that the earlier response was an "inadvertent technical error." (Rafoth Decl. ¶ 7, Ex. 5.)

The parties subsequently stipulated to permit plaintiff to amend his response to the request for admission on March 2, 2015. (See id. ¶ 8; Stipulation and Proposed Order (Docket No. 8).) Plaintiff now moves to remand the case to state court. (Mot. to Remand (Docket No. 9).)

3

## II. Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Several authorities also support removal based upon facts developed during discovery. See Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974 (9th Cir. 1993) (collecting cases).

"[T]he plaintiff is 'the master of the claim' and is not required to assert federal claims, even if they exist." Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); see ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent

4

1  amendments . . . ."  <u>Chabner v. United of Omaha Life Ins. Co.</u>,
2  225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting <u>Sparta Surgical</u>
3  <u>Corp. v. Nat'l Ass'n of Sec. Dealers</u>, 159 F.3d 1209, 1213 (9th
4  Cir. 1998)) (internal quotation marks omitted).

5      Defendants argue that the court has subject matter
6  jurisdiction over this case because plaintiff's response to the
7  request for admissions establishes that plaintiff was pursuing a
8  federal claim at the time of removal.  (<u>See</u> Notice of Removal ¶¶
9  30-41.)  Plaintiff moves for remand on the basis that this
10 admission does not establish federal question jurisdiction and
11 that, even if it did, the admission was made in error and the
12 parties have stipulated to allow plaintiff to amend its response
13 to clarify that plaintiff is not pursuing any claims under FMLA.
14 (<u>See</u> Pl.'s Mem. at 3-6; Velez Decl. ¶¶ 4-8 (Docket No. 9-2).)

15     Plaintiff's FAC makes several references to FMLA.
16 These references center on the alleged time plaintiff took away
17 from work as "Intermittent FMLA leave": first in 2009 to care for
18 a knee injury and later, in 2013, for baby-bonding time with his
19 newborn son.  (<u>See</u> FAC ¶¶ 14-15, 22.)  For example, plaintiff
20 alleges that he was terminated "for availing himself to FMLA and
21 due to his physical disability."  (<u>Id.</u> ¶ 21.)  However, the FAC
22 makes no mention of any claims brought pursuant to FMLA.

23     With regard to plaintiff's response to the Request for
24 Admission, there is some authority from within the Ninth Circuit
25 supporting removal to federal court based on facts brought to
26 light during discovery.  <u>See, e.g.</u>, <u>Felton v. Unisource Corp.</u>,
27 940 F.2d 503, 507 (9th Cir. 1991) (finding at the time of summary
28 judgment that the only basis for a plaintiff's claim was an ERISA

violation); Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) (denying remand based on facts developed during a deposition). However, those cases involved ambiguous or incomplete pleadings that failed to allege certain facts that might have clarified the basis for the plaintiff's claims. After allowing discovery, it became clear in each case that the plaintiff's only basis for an asserted claim depended on federal law. See Karambelas, 992 F.2d at 974 ("[Felton] was decided on summary judgment, and by that time it was clear that the only basis for the plaintiff's claim was an ERISA violation." (citing Felton, 940 F.2d at 507)); Riggs, 678 F. Supp. at 237-38 (stating that, while plaintiff's complaint did not indicate that plaintiff was a union member, plaintiff's claim was based on the alleged breach of a collective bargaining agreement and thus arose under federal law).

      The current case more closely resembles the Ninth Circuit's opinion in Karambelas. There, the plaintiff brought a state law claim for breach of an employment contract, see Karambelas, 992 F.2d at 972-973, 975, but during a deposition, the plaintiff "speculated that another possible reason for his discharge might have been to deprive him of ERISA rights," id. at 975. Noting that "mere simulacrum of a possible unasserted ERISA claim was insufficient to form a basis for federal jurisdiction," the Ninth Circuit ordered that the case be remanded to state court. Id.

      The court finds plaintiff's response comparable to the kind of speculative answer at issue in Karambelas. Plaintiff's response does not assert a FMLA claim, nor does it suggest that

6

1  the basis for one of plaintiff's existing claims may arise solely
2  under FMLA.  See Felton, 940 F.2d at 507.  As in Karambelas,
3  plaintiff has never asserted a federal claim in his pleadings,
4  and plaintiff's counsel has declared under oath that there is no
5  federal FMLA claim being made in this case.  (See Pl.'s Mem. at
6  6; Velez Decl. ¶¶ 8-9.)
7           Accordingly, because the FAC does not assert a claim
8  arising under federal law, the court will grant plaintiff's
9  motion to remand this case to state court.
10          IT IS THEREFORE ORDERED that plaintiff's motion to
11 remand be, and the same hereby is, GRANTED, and this action is
12 hereby REMANDED to the Superior Court of the State of California,
13 in and for the County of Placer.
14 Dated:  April 6, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7