UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL IZMAYLOV,<br><br>            Plaintiff,<br><br>    v.<br><br>SAVE MART SUPERMARKETS, INC., a California corporation, and KENNETH BACA, an Individual and DOES 1 through 50,<br><br>            Defendants. | CIV. NO. 2:15-00323 WBS KJN<br><br>ORDER RE: MOTION FOR ATTORNEYS' FEES FOLLOWING REMAND |

----oo0oo----

Plaintiff Daniel Izmaylov asks this court to exercise its discretion under 28 U.S.C. § 1447(c) to award him attorneys' fees following remand of this matter to state court.[1] (Docket No. 14.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

---

[1] This motion was determined to be suitable for decision without oral argument pursuant to Local Rule 230(g).

1

"[W]hen an objectively reasonable basis exists, fees should be denied." Id.

The court granted plaintiff's earlier motion to remand on the basis that, despite making several references in his Complaint to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., plaintiff had not asserted a FMLA claim to support jurisdiction in federal court. (See Docket No. 13.) However, as the court suggested during oral argument, plaintiff shared responsibility for the mistaken removal by failing to forthrightly respond to a discovery request seeking to clarify his intended claims. (See Docket No. 16.)

Given those observations, the instant motion is not well received. Plaintiff's discovery responses made removal objectively reasonable because they suggested he might intend to assert a FMLA claim. Moreover, no unusual circumstances justify an award of fees in this case. If anything, the circumstances weigh against granting a fee award. See Martin, 546 U.S. at 141 (suggesting that a plaintiff's "failure to disclose facts necessary to determine jurisdiction" may affect the decision to award attorneys' fees).

IT IS THEREFORE ORDERED that plaintiff's motion for fees following remand be, and the same hereby is, DENIED.

Dated: June 1, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2